## MATTHEWS et al. v. JONES.

### No. 11303.

Circuit Court of Appeals, Fifth Circuit.

June 23, 1945.

Kenneth Rayner, of Memphis, Tenn., for appellants.

Henry G. Johnston, of Hernando, Miss., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Permanent easements of flowage over certain lands in Mississippi were acquired by condemnation by the United States and the compensation was paid into court. The land was owned by Parker Allen, Jr., who died intestate June 10, 1935, leaving no descendants. The appellants, his collateral relatives, intervened to claim the money as his heirs. They pleaded that the land was also claimed by appellee as the grantee in a deed made to him by Ellen Allen as the widow and sole heir of Parker Allen, Jr., but that she was not his widow because the marriage between them was a nullity by reason of these facts: Ellen was married in Obion County, Ten-

nessee, to Jeff King, Dec. 20, 1899. On Aug. 27, 1906, she filed a bill for divorce in the Chancery Court of that County, on which a decree of divorce was granted Oct. 12, 1906, but the decree was void because based on constructive service by publication and the publication made was for Rufus King and not Jeff King. The divorce proceedings were exhibited.

The appellee sought payment of the money to him, setting up his deed from Ellen and exhibiting the certificate of her marriage to Parker Allen in Obion County, Tennessee, Dec. 23, 1907. He admitted the kinship of appellants to Parker Allen and his death intestate, but asserted that Ellen was the widow and heir, that the divorce proceeding is valid, and the appellants being strangers to it cannot attack it collaterally, but it is entitled to full faith and credit in Mississippi, and for that reason he moved to strike the intervention of appellants.

The District Judge made no order on the motion to strike, but tried the case on the merits and made a decree which recites that he heard it on the pleadings, a certified copy of the divorce proceedings, the testimony of witnesses, and the argument and briefs of counsel. He dismissed appellants' intervention and awarded the money to appellee, holding it to be unnecessary to decide whether the divorce decree was valid, because of the strong presumption that the later ceremonial marriage was lawful, and there was no proof that the former marriage to Jeff King had not at that time been dissolved by a divorce granted to him. This appeal was taken.

This record contains no evidence except the exhibited divorce proceedings in 1906, and the marriage certificate of Dec. 23, 1907. As to other facts we have only the findings by the judge, to-wit: Ellen was the wife of Jeff King, but they had not lived together for some time before the divorce and Jeff had been absent from Obion County, Tennessee. The divorce petition states that he had deserted Ellen and their three year old daughter for more than two years before Aug. 27, 1906, and was then living in Cairo, Illinois. Within a comparatively short time after Ellen and Parker Allen, Jr., entered into their ceremonial marriage Jeff King died. Ellen and her new husband moved afterwards to Chicago, Illinois, where they were living together when he died in 1935.

Counsel concede that both in Illinois and Tennessee only a ceremonial marriage is valid, and that the death of Jeff King after the second ceremonial marriage would not help it if it was bigamous when contracted. We make no enquiry or ruling on that point. The District Judge rested his decision on the failure of the proof to show that Jeff King had not dissolved his marriage to Ellen by a valid divorce. He cites In re Dedmore's Estate, 257 Ill.App. 519, and McAllum v. Spinks, 129 Miss. 237, 91 So. 694, which strongly assert the presumption of validity attaching to a ceremonial marriage, and the burden resting on one who assails it as bigamous to prove not only a former marriage, but also that it was then subsisting. A sound public policy supports this rule. Not merely the relationship of the parties to the marriage, and the legitimacy of offspring and the inheritance of property, are involved, but the morals and standards of the community also. The marital status of its residents is everywhere recognized as important to the State. A status acquiesced in and recognized for nearly forty years, and until death has removed two of those directly concerned, ought not easily to be upset in order to give money to collateral kindred. See Drummond v. Lynch, 5 Cir., 82 F.2d 806.

But we do not rest our decision wholly on the failure to prove what ought to be matter of record either in Obion County, Tennessee, or in the residence of Jeff King in Illinois. We think under the circumstances and for the purpose just stated the validity of this divorce proceeding ought to be upheld. The defendant therein, Jeff King, never attacked it during his life. He does not appear to have manifested any concern for his wife or child. It is easy to infer that he would not have defended the suit had he been personally served. No fraud or concealment or collusion is suggested by any circumstance. The sole contention is that in a proceeding correct in its result and otherwise regular, there was a failure to use the name Jeff King in the published citation.

As against the personal rights of the absent defendant in a divorce case, as in cases respecting property, where substituted service by publication is relied on, due process of law requires that such publication be had as will fairly tend to bring notice of the suit to the defendant directly, or through his acquaintances where the

publication is had; that the statutes prescribing the mode of publication must be exactly followed; and that the name of the person cited to appear must be used, if known, or some other adequate description of him given. As to the name, the following appears in the certified record: The petition for divorce is headed, "Ellen King, Complainant, vs. Jeff King, Defendant." Thereafter no names are used, the parties being referred to as "complainant" and "defendant". Ellen King signs an affidavit to the truth of the petition and that there is no collusion. On the same day she makes an affidavit, filed with the petition, of her poverty and inability to pay costs, in which she states she is filing her action for divorce against Rufus King. On the same day the Clerk and Master issues an order in its material parts as follows: "Non-resident Notice: Ellen King vs. Jeff King, Chancery Court Obion County, Tennessee: In this cause it appearing to the satisfaction of the Clerk and Master from the bill of complaint, which is sworn to, that the defendant, Rufus King, is a non-resident * * * it is therefore ordered that said defendant appear. * * *" This order was published and the publisher duly makes oath thereof. Thereafter the Judge of the Court makes a judgment: "In this cause it duly appearing to the court that the defendant Jeff King has been regularly brought before the court and made a party to complainant's bill by publication duly made, but has failed to appear and make defense * * * the cause is set for hearing ex parte." The final decree uses only the terms complainant and defendant.

The situation is this: In the heading of the case throughout, but only in the heading, the parties are named as Ellen King, Complainant, v. Jeff King, Defendant. But in the affidavit accompanying the petition Ellen, speaking of her own husband, calls him Rufus King. In the order which was published, the sole defendant appears in the heading as Jeff King, and just below he is referred to as "the defendant Rufus King", and "said defendant" is ordered to appear. We have found many cases respecting the use in a published notice of the wrong name of a defendant, or a Christian name left blank, but none where he is called by two Christian names. There is no evidence that this defendant did not have two Christian names, Jefferson Rufus. Many persons have two, and are sometimes called by one and sometimes by the other. This man in the heading of the petition sworn to by his wife is called Jeff, and the same day in an affidavit she calls him Rufus. The order of publication uses both names. The judge, exercising his duty to see that a proper notice has been published, adjudges that Jeff King has been duly brought before the court by that publication. After this lapse of time and after the death of Jeff or Rufus and in the absence of strong proof that they were not one and the same man, we ought to infer they were. This matter of names in service by publication is after all a practical matter, and the likelihood of the notice, as published, attracting the attention of the person intended, or his friends, is to be considered. Grannis v. Ordean, 234 U.S. 385, 397, 34 S.Ct. 779, 58 L.Ed. 1363. If Jeff King was the name by which this man was generally known, he or a friend seeing this notice in which he was in the heading named as the sole defendant would hardly throw it aside because that defendant was called later Rufus King. Prudence would suggest looking into the matter, to see who was really sued.

But we say again that here neither Jeff King nor anyone claiming under him is attacking this divorce decree. Its only effect, as respects the parties here, is to fix the marital status of Ellen in the State of Tennessee, a decree quasi in rem, which status that State (as her actual and matrimonial domicile) was competent to fix. Neither the State nor Jeff King has questioned the result. This court should not now be astute to question it in behalf of strangers to the decree.

The judgment is affirmed.

WALLER, Circuit Judge, concurs in the result.